BROMAGHAM and others v. CLAPP, 9 Cow. 530.

In S. Ct. 5 Cow. 295 ; 6 Cow. 611.

*Adverse Possession ; Partition ; Seisin and Possession of Tenants in Common.*

Petition in partition, under statute for the partition of lands of April 12, 1813. Plea, that defendant, at the time of preferring the petition and at the time of pleading, was *sole* seised, and possessed in his demesne as of fee, &c., and traversing the tenancy in common. To this plea was annexed a notice, that he had been so seised, for twenty-five years previous to the exhibiting of the petition, adversely to the claim of the petitioners. Replication, that the plaintiffs were seised in fee, &c. as tenants in common ; *moda* and *forma*, and issue to the courts.

On the trial at the circuit, it appeared that William Bro· magham, father of the plaintiffs, being seised in fee of the premises in question, died intestate about the 15th of January, 1799, leaving the plaintiffs, three of his children, and six others his children and heirs at law, nine in the whole. Previously, in May, 1795, he had been declared a lunatic ; and in August following, Peter, his son, was appointed his committee by the Court of Chancery, and took possession of his real and personal estate. In October, 1802, Peter having purchased the right of his brother Isaac, contracted to sell the whole of the premises in question, to the defendant in fee, and May 3d, 1803, he conveyed the whole to him. The defendant had entered some time in March before ; and has continued in possession, claiming title . ever since. Jemima Martin, one of the plaintiffs, was feme coverte in 1803 ; but her husband died 13 years before this proceeding was commenced. Verdict for plaintiffs, subject to the opinion of the court.

The Supreme Court held upon this state of facts, that though the defendant's possession was *adverse* from the 3d

of May, 1803, and the possessor's right of all the plaintiffs gone by the lapse of 20 years; yet as the possession was short of twenty-five years, and therefore no bar to *a writ of right*, the Court were bound to proceed under the statute, and ascertain the rights of the parties; and that, to warrant proceedings in partition, it was not necessary that all the parties should be actually seised when the suit is commenced, as possession is not awarded in the action. On writ of error from the Supreme Court.

The Court of Errors held, that the issue made by the pleadings in the cause, was a proper one in partition under the statute, and that it was incumbent on the plaintiffs to prove at the trial, that they were *seised in common*, according to the meaning of the issue, and that twenty years *adverse possession* would bar a suit for partition.

The Chancellor, (Jones,) who delivered the only opinion reported, maintains that in proceedings for partition, the plaintiff or petitioner, must allege that he is *seised*, and show an actual present possession; that a mere *right of entry*, will not satisfy the averment of *seisin*; and that therefore, an adverse possession of the defendant though *short of twenty* years is a bar." Quere?

*He also holds*, that though a judgment in partition does not change the possession, yet, in an ejectment or writ of right, it would be conclusive between the parties. The jury, therefore, should have been instructed, that if they found the adverse possession proved to their satisfaction, they should render their verdict for the defendant.

It was held by the whole court, that any one defendant in partition may bring Error separately.

Judgment reversed.

☞ S. C. 6 Cow. 611. held by S. C. that bail in error, is necessary to stay proceedings in partition. See 8 Cow. 746, and 9 id. 304, on motion to amend writ of error.